**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                 CV 05-1158 MCA/WPL
                                                      CR 04-1177 MCA

DANIEL ROMO-DIAZ,

    Defendant/Movant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before me on Daniel Romo-Diaz's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 32.)[1] For the reasons that follow, I recommend that the motion be denied.

**FACTUAL AND PROCEDURAL BACKGROUND**

Romo-Diaz pled guilty to re-entry as a deported alien previously convicted of an aggravated felony. On November 4, 2004, he was sentenced to 41 months in prison. (Doc. 29, 31.) On September 13, 2005, Romo-Diaz filed an unsworn "Motion for Appointment of Counsel for the Court to Address Movant's Allegation That He Instructed Counsel of Record to File an Appeal Upon Conclusion of Sentencing." (Doc. 32.) I have construed this motion as a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Romo-Diaz raised only one claim: that he was denied effective assistance of counsel because his attorney failed to abide by his instruction to file an appeal. Specifically, Romo-Diaz stated that "upon conclusion of his sentencing hearing, he instructed Counsel of Record LEO C. KELLY, which was court appointed

---

[1] All document number references are to CR 04-1177 MCA.

to file an appeal, and Attorney Kelly, stated that he would, however, he drop the ball, making counsel's performance substandard [sic] . . . ." (*Id.* at 2.)

In response to Romo-Diaz's motion, the United States submitted an affidavit by Attorney Kelly. Kelly averred that Romo-Diaz "never instructed me to file an appeal on his behalf" and that if he had, Kelly would have filed an appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). (Doc. 34 Ex. 1.)

Romo-Diaz then filed an unsworn reply, reasserting that he instructed Kelly to file an appeal. He stated that Kelly only consulted with him one time before sentencing and that "during this time frame, defendant repeatedly urged Counsel Kelly to protect his rights to appeal." (Doc. 35 at 1.) Romo-Diaz also asserted that if Kelly had filed the appeal, he could have benefitted from *United States v. Booker*, 543 U.S. 220 (2005), which can only be raised in a direct appeal and not in a § 2255 motion. *Id.* at 1-2.

Because Romo-Diaz's motion and reply were not signed under penalty of perjury as required by Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings, I ordered him to restate his allegation against counsel under penalty of perjury. (Doc. 36.) In response to this order, Romo-Diaz filed a "Motion to Re-Instate Movant's Allegation That He Instructed Counsel of Record to File an Appeal Upon Conclusion of Sentencing and To Correct Deficiency as Required by Rule 2(b)(5) Governing Section 2255 Proceeding." (Doc. 37.) In this motion, Romo-Diaz stated that "upon conclusion of his sentencing hearing, he instructed Counsel of Record Leo C. Kelly, which was Court appointed to file an appeal, and Attorney Kelly, stated that he would, however, he dropped the ball, making Counsel's performance substandard . . . ." (*Id.* at 2.) The motion concludes with this statement, "I declare under penalty of perjury that the foregoing is true and correct to the best of my

2

knowledge and I further sayth naught [sic]." *Id.* Romo-Diaz's signature appears after the declaration. *Id.* The motion was also notarized. *Id.*

Because Romo-Diaz and Kelly made conflicting sworn written statements, I appointed counsel for Romo-Diaz and set an evidentiary hearing to determine whether Kelly disregarded Romo-Diaz's instruction to file an appeal. (Doc. 38, 40.)[2]

At the hearing, Romo-Diaz testified that he had two meetings with Kelly--one before the plea hearing and one before the sentencing hearing. He testified that he did not think he asked Kelly to file an appeal during the first meeting. Regarding the second meeting, he testified, "I don't think we ever talked about that." Within ten-to-twenty days after the sentencing hearing, Romo-Diaz tried to call Kelly to instruct him to file an appeal, but he was never able to talk to Kelly. He left recorded messages, but he does not remember whether he said in those messages that he wanted to appeal. He also wrote letters to Kelly. Nine or ten months after the sentencing hearing, he sent Kelly a letter, asking that he file an appeal. He claimed that he did not do this sooner because he had no information about how or when to appeal. He also testified, however, that he thinks he was advised that he had ten days to appeal.

At the conclusion of the hearing, Romo-Diaz's attorney requested and was granted an opportunity to submit a brief regarding whether Kelly was ineffective in failing to confirm whether Romo-Diaz wanted to appeal. The time for submitting the brief has passed, and no brief has been filed.

---

[2] The hearing, which was conducted on May 9, 2006, was recorded on the Court's official recording equipment.

3

## DISCUSSION

"The Supreme Court has recognized repeatedly over the last thirty years that a lawyer who disregards specific instructions to perfect a criminal appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." *United States v. Snitz*, 342 F.3d 1154, 1155-56 (10th Cir. 2003); *see also Roe v. Flores-Ortega*, 528 U.S. 470 (2000); *Rodriguez v. United States*, 395 U.S. 327, 329-30 (1969). Accordingly, the issue to be resolved in this case is whether Romo-Diaz instructed Kelly to file an appeal. Romo-Diaz has the burden of proof on this issue. *See United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2000); *Brecheen v. Reynolds*, 41 F.3d 1343, 1365 (10th Cir. 1994).

I find that Romo-Diaz has not established that he instructed Kelly to file an appeal. Romo-Diaz's testimony at the hearing contradicted his sworn written statement. Whereas his sworn written statement asserted that "he instructed" Kelly "to file an appeal" "upon conclusion of his sentencing hearing" (Doc. 37 at 2), he testified that he did not give Kelly this instruction until nine or ten months later. His testimony further indicated that he did not speak with Kelly at all following the sentencing hearing. Romo-Diaz's testimony also contradicted an unsworn statement in his reply to the USA's response to his § 2255 motion. In that document, he claimed that before sentencing he "repeatedly urged Counsel Kelly to protect his rights to appeal." (Doc. 35 at 1.) But when asked at the hearing whether he discussed an appeal with Kelly before sentencing, he testified, "I don't think we ever talked about that." Accordingly, I find that Romo-Diaz's written allegations are not credible.

Romo-Diaz's pleadings describe the issue in this proceeding as being whether he instructed Kelly to file a notice of appeal. (Doc. 32, 37.) At the conclusion of the evidentiary hearing, Romo-Diaz's attorney stated that he would like to research the issue of whether Kelly was ineffective in

4

failing to confirm whether Romo-Diaz wanted to appeal. He requested seven days to research this issue and to submit additional briefing if his research was fruitful. I granted this request, but no additional briefing has been submitted. Accordingly, I conclude that this issue has been waived.

In any event, the record would not support relief on this ground. Kelly did not testify at the hearing, and his affidavit does not state whether he consulted with Romo-Diaz about an appeal. Although Romo-Diaz's testimony indicates that Kelly did not consult with him, his testimony was not credible for the reasons explained above.

Assuming for purposes of argument that Kelly failed to consult with Romo-Diaz about an appeal, Romo-Diaz has not shown that this failure amounted to ineffective assistance under the facts of this case. To establish ineffective assistance of counsel in this situation, a defendant must show both deficient performance and prejudice. *Flores-Ortega*, 528 U.S. at 476-77; *see also Strickland v. Washington*, 466 U.S. 668 (1984). To show deficient performance, the defendant must demonstrate that counsel had reason to think either that a rational defendant would want to appeal or that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Flores-Ortega*, 528 U.S. at 480. To show prejudice, the defendant must demonstrate that there is a reasonable probability that he would have timely appealed if counsel had consulted with him. *Id.* a 484. Evidence that there were nonfrivolous grounds for an appeal or that the defendant promptly expressed a desire to appeal is relevant in evaluating deficient performance and prejudice. *Id.* at 485-86.

Here, alleged *Booker* error is the only ground for an appeal that has been suggested. But Romo-Diaz was sentenced before the Supreme Court issued its opinion in *Booker*. *See United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004) ("The Sixth Amendment does not require counsel

for a criminal defendant to be clairvoyant."); *see also United States v. Castillo-Olivas*, 167 F. App'x 71, 71 (10th Cir. 2006) (unpublished) ("[T]he failure to anticipate . . . *Booker* . . . does not constitute ineffective assistance of counsel."). As discussed above, there is no evidence that Romo-Diaz expressed a desire to appeal in a timely fashion. Accordingly, Romo-Diaz has not established that Kelly was ineffective in failing to consult with him about an appeal.

## RECOMMENDATION

I recommend that the § 2255 motion be denied and that CV 05-1158 MCA/WPL be dismissed with prejudice.

> **THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1). **A party must file any objections with the Clerk of the District Court within the ten-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE